# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1177V
(not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * *
                                            *
KATHLEEN STRYSKI,                           *
                                            *   Chief Special Master Corcoran
              Petitioner,                   *
                                            *   Dated: November 28, 2022
        v.                                  *
                                            *
SECRETARY OF HEALTH AND                     *
HUMAN SERVICES                              *
                                            *
              Respondent.                   *
                                            *
* * * * * * * * * * * * * * * * * * * * * * *
```

*Andrew Donald Downing,* Downing, Allison & Jorgenson, Phoenix, AZ, for Petitioner.

*Lauren Kells*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION DISMISSING PETITION[1]

On September 10, 2020, Kathleen Stryski filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] ECF No. 1. Petitioner alleged that her receipt of the seasonal influenza ("flu") vaccine on October 18, 2018, resulted in chronic pain and a Should Injury Related to Vaccine Administration ("SIRVA"). *Id.* She also alleged that she experienced vaccine-related injuries in both arms due to improper administration of second vaccine that same day—the Pneumovax-23 ("pneumonia") vaccine—which is not covered under the Vaccine Program.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). This means that the Decision will be available to anyone with access to the internet. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

The matter was originally assigned to the Special Processing Unit ("SPU"), based on the perceived possibility of settlement given the nature of the claim, but later transferred out of SPU due to the complicated factual issues presented, such as whether the covered flu vaccine was administer in the relevant arm, or whether other Table elements had been established.

Respondent Rule 4(c) Report was filed on January 21, 2022, arguing that the case was not appropriate for compensation. *See* Report, dated Jan. 21, 2022 (ECF No. 34). After a status conference held on January 27, 2022, Petitioner was ordered to file a motion in support of a fact finding regarding her ability to meet the Table requirements. *See Scheduling Order*, dated Jan. 27, 2022. I subsequently dismissed the Table SIRVA claim and ordered Petitioner to file an amended petition setting forth the basis for a non-Table claim. ECF No. 40.

Petitioner has now filed a motion for a decision dismissing the claim. *See* Motion, dated November 22, 2022 (ECF No. 42) ("Motion"). In it, Petitioner maintains that after an investigation of the facts and science supporting her case, she has determined that she is unable to prove that she is entitled to compensation in the Vaccine Program, and that to proceed further would be unreasonable and would waste the resources of the Court, Respondent, and the Vaccine Program. *See* Motion at 1. Petitioner also acknowledges in her motion that she understands a decision dismissing her petition will result in a judgment against her, and that such a judgment will end all her rights in the Vaccine Program. *Id.* at 2. And she has expressed a desire to exercise her rights to file a civil action in the future pursuant to 42 U.S.C. § 300aa-21(a)(2). *Id.*

## ANALYSIS

The provisions under the Vaccine Rules for ending a case before a decision has been issued are largely inapplicable herein. Petitioner may no longer avail herself of Vaccine Rule 21(a)(1)(A), which governs voluntary dismissals before service of the Rule 4(c) Report, and Respondent has not stipulated to dismissal under Rule 21(a)(1)(B). In addition, even if the parties had so stipulated, Petitioner seeks entry of a judgment, whereas Vaccine Rule 21(a) would only result in an "order concluding proceedings." Rule 21(a)(3).

Accordingly, the only remaining channel for the relief Petitioner's request is a "motion seeking dismissal"—a mechanism for ending cases that other claimants have used, either because the claim appears unlikely to succeed, or simply because the petitioner prefers not to continue with the claim, but seeks to terminate the action after the time to act under Rule 21 has passed. *See, e.g.*, *Goldie v. Sec'y of Health & Human Servs.*, No. 18-1476V, 2019 WL 6045647, at *1 (Fed. Cl Spec. Mstr. Oct. 11, 2019). Dismissal of Vaccine Program cases at this particular stage of the litigation is not uncommon. Indeed, the rules of the Court of Federal Claims (which are properly applied herein) permit dismissal of claims at a petitioner/plaintiff's request and "on terms that the court

considers proper." RCFC 41(a)(2).

Under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. Section 13(a)(1). In this case, there is insufficient evidence in the record for Petitioner to meet her burden of proof, because Petitioner has not offered expert support for her causation claim. Therefore, Petitioner's claim cannot succeed and must be dismissed. Section 11(c)(1)(A).

Accordingly, I hereby **DISMISS** Petitioner's case. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[3]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.