# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1177V
(not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                              *
KATHLEEN STRYSKI,                             *
                                              *       Chief Special Master Corcoran
              Petitioner,                     *
                                              *       Filed:  December 2, 2022
       v.                                     *
                                              *
SECRETARY OF HEALTH AND                       *
HUMAN SERVICES                                *
                                              *
              Respondent.                     *
                                              *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Andrew Donald Downing,* Downing, Allison & Jorgenson, Phoenix, AZ, for Petitioner.

*Alexis B. Babcock*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION GRANTING MOTION FOR FEES AND COSTS AWARD**[1]

On September 10, 2020, Kathleen Stryski filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] ECF No. 1. Petitioner alleged that her receipt of the seasonal influenza ("flu") vaccine on October 18, 2018, resulted in chronic pain and a Should Injury Related to Vaccine Administration ("SIRVA"). *Id.* She also alleged that she experienced vaccine-related injuries in both arms due to improper administration of second vaccine that same day—the Pneumovax-23 vaccine—which is not covered under the Vaccine Program.

---

[1] Although I have not formally designated this Decision for publication, it will nevertheless be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

The matter was originally assigned to the Special Processing Unit ("SPU"), based on the perceived possibility of settlement given the nature of the claim, but later transferred out of SPU due to the complicated factual issues presented on whether Table elements had been established. After the parties' briefs on the Table issues, I subsequently dismissed the Table SIRVA claim and ordered Petitioner to file an amended petition setting forth the basis for a non-Table claim. ECF No. 40. Petitioner instead filed a motion for a decision dismissing the claim. *See* Motion, dated November 22, 2022 (ECF No. 42) ("Motion"). I granted the relief requested and terminated the claim. Decision, Nov. 28, 2022 (ECF No. 43).

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated December 1, 2022 (ECF No. 48). Petitioner has not previously been awarded any fees in this matter. Petitioner requests a total of $30,084.87 ($29,452.00 in fees, plus $632.87 in costs) for the work of multiple attorneys, including Mr. Andrew Downing, Ms. Courtney Jorgenson, and paralegals, from November 2019 to the present date. ECF No. 48 at 10–29. Respondent reacted to the fees request on December 2, 2022. *See* Response, December 2, 2022 (ECF No. 49). Respondent is satisfied that the statutory requirements for an attorney's fees and costs award are met in this case, but defers the calculation of the amount to be awarded to my discretion. *Id.* at 2–3.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$30,084.87**

## ANALYSIS

**I.  Petitioner's Claim had Reasonable Basis**

Although the Vaccine Act only guarantees a reasonable award of attorney's fees and costs to *successful* petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, *establishing reasonable basis does not automatically entitle an unsuccessful claimant to fees*, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[3] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. Reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

The standard for reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Petitioner in this case requested dismissal prior to filing of an expert report in favor of her claim. As far as the litigation goes, they were on some notice of the claim's potential deficiencies at the time Respondent filed the Rule 4(c) Report. Report, dated Jan. 21, 2022 (ECF No. 34). However, there were legitimately-disputed fact questions as to whether the covered flu vaccine was administered in the relevant arm, and if Petitioner satisfied the 48-hour post-vaccine onset Table requirement. In addition, objective evidence existed to support Petitioner's contention that she experienced some kind of injury. Thus, in light of the standard that governs reasonable basis determinations, a final award of fees and costs in this matter is permissible. And because I find no reason otherwise to deny a fees award, I will allow one herein.

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

II.   **Calculation of Fees**

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorneys, based on the year in which work was performed:

|  | **2019** | **2020** | **2021** | **2022** |
|---|---|---|---|---|
| **Andrew Downing (Attorney)** | $385.00 | $385.00 | $385.00 | $415.00 |
| **Courtney Jorgenson (Attorney)** | -- | $275.00 | $275.00 | $325.00 |
| **Paralegals** | $135.00 | $135.00 | $135.00 | $135.00 |

ECF No. 48 at 10–29.

Mr. Downing and Ms. Jorgenson (formerly Ms. Van Cott) practice in Phoenix, Arizona—a jurisdiction that has been deemed "in forum." Accordingly, these attorneys are entitled to the rates established in *McCulloch*. *See Perekotiy v. Sec'y of Health & Hum. Servs.*, No. 16-997V, 2020 WL 6395509, at *2–3 (Fed. Cl. Spec. Mstr. Sept. 29, 2020). The rates requested for Mr.

4

Downing and Ms. Jorgenson are also consistent with what has previously been awarded them in accordance with the Office of Special Masters' fee schedule.[5] *Roach v. Sec'y of Health & Hum. Servs.*, No. 20-789V, 2022 WL 1008288, at *4 (Fed. Cl. Spec. Mstr. Mar. 10, 2022). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter largely reasonable. Accordingly, I will award fees in the full amount requested.

### III. Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $632.87 in outstanding costs, including medical record retrieval costs and the filing fee. ECF No. 29–31. These costs were reasonably incurred, and they shall be awarded in full without reduction.

---

[5] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Mar. 22, 2021).

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs, and award a total of **$30,084.87,** reflecting $29,452.00 in attorney's fees, and $632.87 in costs in the form of a check made jointly payable to Petitioner and her attorney, Mr. Andrew Downing.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[6]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran<br>
Brian H. Corcoran<br>
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.